**ROBINSON v. HAMILTON WHOLESALE LIQUOR CO. et al.**

No. 8981.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1942.

Phil B. Whitaker, of Chattanooga, Tenn. (Samuel Bosworth Smith, Whitaker, Hall, Haynes & Allison, and Harry A. Hite, all of Chattanooga, Tenn., on the brief), for appellant.

Will Allen Wilkerson, of Chattanooga, Tenn. (Shepherd, Curry & Levine, of Chattanooga, Tenn., on the brief), for appellees.

Before HICKS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from an order adjudicating the appellant an involuntary bankrupt.

The case arises out of the following facts, which are not controverted.

The appellant obtained from his mother, Eva Robinson, $4,200 to establish himself in the liquor business in Chattanooga, Tennessee. A state and county license was secured in the name of "The Robinson Liquor Store." The city license ran to "Mrs. Eva Robinson," and the state retailer's license to "Eva Robinson, doing business as the Robinson Liquor Store." The appellant had entire management of the business. After carrying an average stock in the amount of about $3,500 for nearly a year, between December 13, 1940, and December 24, 1940, the appellant bought a large amount of liquor from the five petitioning creditors, bringing his stock up to a cost value of some $13,000. About December 24, 1940, this entire stock had disappeared, and no payment was ever made by the appellant on account of these purchases. Meanwhile appellant paid in full his debts to certain public service corporations in Chattanooga, and informed appellees that he had sold the liquor and paid his gambling debts. A separate involuntary petition containing averments substantially identical with those in the instant case was filed by the same creditors against appellant's mother, Eva Robinson, charging acts of concealment and preference of creditors. Eva Robinson was adjudged bankrupt after the hearing in the instant case, but has filed no appeal.

■ We think the judgment of the District Court must be affirmed. Appellant contends that the petitioning creditors have no valid claims against him because any sales made to him were consummated in violation of the statutes of Tennessee relating to sale of alcoholic beverages. He urges that no license was issued to him as required by the Austin Liquor Act, Chapter 49 of the Acts of 1939 of the General Assembly of Tennessee, Williams' Tennessee Code 1934, Section 6648.4 et seq., and that no sales therefore could legally be made to him. No section of the statute and no Tennessee decisions have been cited which make these sales illegal under state law. A license was properly issued to the Robinson Liquor Store and another was issued to Eva Robinson, doing business as the Robinson Liquor Store. Section 8 of the Austin Act,

Williams' Tennessee Code, Section 6648.11, permits the issuance of a license to "any person, firm or corporation" and there is no contention that the statutory prerequisites for these licenses were not fully observed. Contracts made with the Robinson Liquor Store were unquestionably valid. The District Court found in effect and the record shows that appellant was doing business as the Robinson Liquor Store; that he "was the store." The business was conducted under the trade name, all purchases being delivered on the order of appellant to the Robinson Liquor Store, and all the accounts of the petitioning creditors being kept in the name of the Robinson Liquor Store. The petitioning creditors dealt with appellant exclusively. While checks given in payment of purchases were at first signed "Robinson Liquor Store by Amos Robinson," they were later signed simply "Amos Robinson."

■ It is urged that these purchases could not have resulted in debts owed both by the mother and by the son, and that the fact that the mother was adjudicated bankrupt establishes that there was error in the present adjudication. The order with reference to Eva Robinson could have been challenged by appeal. As it is not so challenged, the question of her liability is not presented here. With reference to the relationship between appellant and his mother, the evidence is uncontradicted. Eva Robinson was never at any time in the store. She stated that she gave appellant all the money she had to establish the business. Appellant paid her no dividends and made no settlement for the conduct of the store. He took substantially all the profits and had an absolutely free hand in running the business. Eva Robinson knew none of the details, either from whom appellant bought or to whom he sold, or anything with reference to any sale or purchase made in the store, and stated that appellant sold the whiskey and kept the money for himself, never accounting to her. As intimated by the District Court, it was evident that Eva Robinson secured the licenses for appellant in order to avoid official inquiry into his reputation as a bootlegger and the possible refusal of a license on that ground.

■ The District Court made no formal findings of fact and conclusions of law. It may be inferred from the fact that the court adjudicated the mother a bankrupt as well as appellant that it considered that a partnership existed. If appellant was a partner in the business his contracts to

pay for the liquor were binding upon him as well as upon his mother, and there was no inconsistency in concluding that both were liable thereon. Whether this view be taken, or whether we consider that Eva Robinson made an outright gift to appellant of capital to operate the store and had no interest in the business, the conclusion is the same. The licenses under which the store was operated were valid. Appellant held himself out as having an interest in the business and apparently was considered by his mother to own it. The debts were lawfully contracted and were binding upon the appellant.

The order of adjudication is affirmed.